UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

**UNITED STATES OF AMERICA** : Criminal Action No. 12-777 (RMB)

      v.                  :      MEMORANDUM OPINION

**JAMAR FISHER**           :

---

Appearances:

Matthew T. Smith, AUSA
Office of the U.S. Attorney
District of New Jersey
Camden Federal Building & Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101


Rocco C. Cipparone, Jr., Esquire
Law Office of Rocco C. Cipparone, Jr.
203-205 Black Horse Pike
Haddon Heights, New Jersey 08035

Bumb, United States District Judge

    The issue before the Court is whether the defendant, Jamar Fisher (the "Defendant"), qualifies as a career offender under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The answer lies in whether Defendant's violation of New Jersey's Intensive Supervision Program ("ISP") resurrects an otherwise uncounted, more than fifteen-year-old drug conviction. For the reasons that follow, the Court holds that it does not. A violation of ISP is not the same as a violation of

supervised release for criminal history computation purposes. Accordingly, the Defendant is not a Career Offender under U.S.S.G. § 4B1.1 because he does not have two qualifying prior convictions.

Background

On May 15, 2012, Defendant plead guilty to one count of possession with intent to distribute 1-Benzylpiperazine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). After various objections, the United States Probation Office prepared a final Pre-sentence Investigation Report. In its final Report, the Probation Office sustained Defendant's objection to the application of U.S.S.G. § 4B1.1, the Career Offender enhancement for the instant offense. In response, the United States objected to Probation's finding that Defendant is not a Career Offender. The Court must resolve that objection.

Analysis

Under U.S.S.G. § 4B1.1(a), a Defendant is a "Career Offender" if:

> (1) the defendant was at least eighteen years old at the time he committed the instant offense;
>
> (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior convictions of either a crime of violence or a controlled substance offense.

See U.S.S.G. § 4B1.1(a).

There is no dispute that the first two prongs of § 4B1.1 are satisfied. The Defendant was in his early thirties when he committed this crime, and the Defendant pleaded guilty to a drug distribution charge. The disputed issue is whether the Defendant has at least two qualifying convictions of either crimes of violence or controlled substance offenses.

In examining the third prong of § 4B1.1, section 4A1.2(e) imposes time restrictions on whether prior convictions are counted.[1] Under § 4A1.2(e)(2) a probationary sentence imposed outside of ten years of the defendant's commencement of the offense is not counted. U.S.S.G. § 4A1.2(a),(e). Clearly, Defendant's conviction resulting from his arrest on March 1, 1999 (the "March 1, 1999 conviction") and conviction resulting from his arrest on March 18, 1999 (the "March 18, 1999 conviction") are both controlled substance offenses. U.S.S.G. § 4B1.2(a)(3).[2] But, because Defendant received a probationary sentence outside ten years of the instant offense, these convictions are not

---

[1] The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions for Career Offender purposes. See U.S.S.G. § 4B1.2, Application Note 3.

[2] Although they were consolidated for sentencing purposes, both convictions are counted individually because the sentences were imposed for offenses that were separated by an *intervening arrest*. See U.S.S.G. § 4A1.2(a)(2). In other words, the fact that both offenses were consolidated for sentencing is not relevant when determining whether the offenses constitute *two* prior felony convictions.

3

counted.

This does not end the Court's analysis, however. The Defendant violated his probationary sentence. On March 10, 2000, Defendant was sentenced to four years imprisonment. Revocation of probation may alter the time period under which a prior sentence is counted and may bring an otherwise too-old conviction into play. U.S.S.G. § 4A1.2(k)(2). In the case of imprisonment totaling more than one year and one month, as the case here, the applicable time period converts to the date of last release from incarceration on the sentence. U.S.S.G. § 4A1.2(k)(2). Thus, because Defendant was released in 2003, the application of Sections 4A1.2(e)(1) and 4A1.2(k)(2) brings one of the predicate controlled substance convictions within fifteen years of the instant offense and is therefore counted. U.S.S.G. Section 4A1.2(e)(1).[3]

The Court's analysis must next turn to Defendant's

---

[3] The United States originally argued that the March 1, 1999 and March 18, 1999 convictions for which Defendant was re-sentenced to four years imprisonment should count as two qualifying convictions within the required fifteen-year period. The United States appears to have abandoned such argument - - for good reason. Application Note 11 to U.S.S.G. § 4A1.2 addresses a situation where a revocation of probation applies to multiple sentences. The Note expressly provides that the court is to add the term of imprisonment imposed upon revocation to only the sentence that will result in the greatest increase in criminal history points. U.S.S.G. § 4A1.2 Application Note 11. Hence, the four-year prison sentence is added to only one of the probationary sentences. The other probationary sentence remains uncounted because it is outside the applicable ten-year period.

subsequent violation of ISP.  As set forth in the Pre-Sentence Report, Defendant began serving his four-year prison sentence but shortly thereafter was released to the New Jersey ISP.  Defendant violated the terms of his ISP, however, and was returned to prison on December 1, 2000 to serve the remaining years of his sentence.[4]  The United States urges that because Defendant violated his ISP, there is a second "revocation" that brings the second drug conviction within the applicable fifteen-year period by operation of Application Note 11.  Consequently, the Government argues, there are two qualifying controlled substance offenses.  The United States asserts that, while ISP is not specifically addressed in the Sentencing Guidelines, particularly, Application Note 11, it is analogous to, indeed, indistinguishable from, probation and supervised release and, thus, falls within the Note's operation.

   The Government relies heavily on United States v. Mazzoni, 677 F. Supp. 339, 340-41 (E.D.Pa. 1987) where the court held that the status of a person in ISP was "similar to a person out on parole or probation." Id.  The Mazzoni court found that, like probation or supervised release, the ISP participant is "released into the community under the close supervision of an ISP officer" and must comply with certain conditions (such as a submission to

---

[4] According to the Pre-Sentence Report, Defendant's ISP was terminated due to his failure to: report as directed, abide by the curfew, obtain employment, and attend Narcotics Anonymous.

5

random visits or physical examinations by ISP officials, maintenance of lawful employment, and payment of debts among others), must perform community service, and must "otherwise live a law-abiding life." Id. Successful completion of ISP, may lead to a suspended sentence. Id. In rejecting the argument that ISP is a form of prison, the Mazzoni court held that the "conditions of ISP . . . vary in degree but not nature from parole or probation convictions" and that New Jersey courts consider ISP as "a form of intermediate punishment between incarceration and probation . . . ." Id. Finally, the Government argues, when a defendant violates the terms of ISP, he faces incarceration as does a defendant who violates probation or supervised release.

Defendant counters that ISP is institutional confinement. He argues that in a parole or supervised release situation, the individual has already been released from his sentence. An ISP participant, however, is on a conditional release. If he violates, he is brought before an ISP Panel for "a hearing to consider why the participant should not be reincarcerated to serve his [original] sentence." See, e.g., Gresham v. Intensive Supervision Program, 1999 WL 771075 at *1 (D.N.J. 1999). Unlike in the case of parole or supervised release, the ISP offender does not receive a new sentence.

It is true that the sentencing objectives of ISP are similar to those of parole and supervised release, to offer the defendant

6

an opportunity to demonstrate his rehabilitation.  Yet, the consequences of a defendant who does not live up to those expectations are much different.  A violation of parole and/or supervised release subjects the defendant to a new conviction and sentence.  A violation of ISP turns the "prison without walls" into a "prison with walls."  There is no new conviction or sentence.  See Graham, supra, at *1.  See also State v. Abbati, 99 N.J. 418, 433, 493 A.2d 513 (1985)("In response to the overcrowding of our prisons, the judiciary . . . authorized a program of conditional release from custody - - a form of intermediate punishment between incarceration and probation. . . .")  In other words, ISP allows an offender to serve the remainder of his sentence in the community rather than in prison, ("a prison without walls"), but if he offends, he returns to confinement ("prison with walls").  Although the Government argues that when Defendant was terminated from ISP he returned to prison to serve the remaining years, this was not a "new" sentence imposed upon the termination, but remained the original sentence.  This distinction is material.  If the original sentence has already been counted once, see supra, it cannot be counted twice as Application Note 11 makes clear.  Note 11 contemplates revocations that result in an additional term of imprisonment for determination of career offender status.  As the Note expressly directs "add the term of imprisonment imposed upon

7

revocation" to the original sentence.

Conclusion

Accordingly, for the above reasons, the Court finds that the Defendant is not a Career Offender under U.S.S.G. § 4B1.1, and that the Probation Office correctly calculated the sentence.  As the Court has indicated, however, an upward departure from Defendant's criminal history category is warranted, <u>see</u> U.S.S.G. § 4A1.3, and the Court will set forth its reasons at sentencing.

<u>s/Renée Marie Bumb</u><br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: <u>January 15, 2014</u>